IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ramona L. Bourassa, | C. A. No. 2:08-3742-DCN-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Ramona L. Bourassa, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g) (2003)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

On December 10, 2003, the plaintiff filed an application for disability insurance benefits alleging she became disabled on November 1, 2002, due to spinal stenosis, chronic pain in her neck, back, and hands, carpal tunnel syndrome, hypertension, asthma, difficulty sleeping and concentrating, and anxiety. The application was denied initially and on reconsideration by the

Social Security Administration. The plaintiff filed a request for a hearing on September 16, 2004. The administrative law judge before whom the plaintiff appeared on July 21, 2005, with counsel, her mother, Della Faircloth, and a vocational expert, J. Adger Brown, considered the case de novo, and on September 22, 2005, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 20-29). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on May 8, 2006. (Tr. 7-10).

The plaintiff sought judicial review of the Commissioner's decision in this court. On September 9, 2007, the undersigned filed a Report recommending that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and that the case be remanded to the Commissioner to properly consider whether the plaintiff's impairments prevent her from performing her past relevant work and to continue the sequential evaluation process so that the plaintiff's claim is given full and fair consideration. (Tr. 260-66). On November 14, 2007, the Honorable David C. Norton, Chief United States District Judge, entered an Order remanding the case to the Commissioner for further administrative action as set out in his Order and Opinion and the Magistrate Judge's Report and Recommendation. (Tr. 248-59).

The Commissioner remanded the case to an administrative law judge. The administrative law judge allowed the plaintiff to submit additional evidence. The administrative law judge before whom the plaintiff appeared on April 17, 2008, with counsel and a vocational expert, Carroll H. Crawford, considered the case de novo, and on August 8, 2008, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 221-34). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 9, 2008. (Tr. 212-14).

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2004.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of November 1, 2002, through her last insured of December 31, 2004 [20 C.F.R. §§ 404.1520(b), 404.1571 (2009)].
>
> 3. Through the date last insured, the claimant had the following severe impairments: low back pain and asthma [20 C.F.R. § 404.1520(c)]. . . .
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart

3

P, Appendix 1 [20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526].

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant has the residual functional capacity to perform light work except that she should not be expected to stand and/or walk more than six hours in an eight-hour workday and should only occasionally stoop, twist, crouch, kneel, or climb stairs or ramps. She should avoid climbing ladders or scaffolds and should avoid exposure to hazards such as unprotected heights and dangerous machinery. Additionally, she requires an environment reasonably free from dust, fumes, gases, odors, and extremes of humidity and temperature. . . .

6. Through the date last insured, the claimant's past relevant work as a photo lab technician/cashier and quality control technician did not require the performance of work-related activities precluded by the claimant's residual functional capacity [20 C.F.R. § 404.1565]. . . .

7. The claimant was not under a disability as defined in the Social Security Act, at any time from November 1, 2002, the alleged onset date, through December 31, 2004, the date last insured [20 C.F.R. § 404.1520(f)].

(Tr. 614-625).

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as: "the inability to engage in any substantial gainful activity by reason of any medically

4

determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months."

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular

conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short, the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## QUESTIONS PRESENTED

By brief, the plaintiff asserted that the administrative law judge failed to comply with the directions of the United States District Court in analyzing and assessing the plaintiff's ability or inability to perform past relevant work or other work. The plaintiff alleges that the administrative law judge only briefly addressed the prior contradictory findings which had been the subject of this court's order.

## 2007 ORDER OF REMAND

In ordering remand in 2007, this court adopted the following reasoning:

> The administrative law judge determined that the plaintiff retained the functional ability to perform a significant range of light work. (Tr. 25, 26, 28). The administrative law judge then determined that since the plaintiff was limited to performing only a range of light work, she could not perform her past relevant work. In doing so the administrative law judge parroted the vocational expert's conclusion that Plaintiff's past relevant work as a machine operator was skilled light work and that her past work as a cashier/lab photo worker and quality control

> inspector was semi-skilled light work. (Tr. 26, 28, 197, 198).
> The administrative law judge then found, as did the vocational expert, examples of work which the plaintiff could perform: light semi-skilled jobs of cashier and machine operator. (Tr. 28). The administrative law judge concluded that because the plaintiff retained the ability to perform light semi-skilled jobs such as cashier and machine operator, she was not disabled within the meaning of the Act and denied disability benefits.
> These conflicting holdings are critical to a proper resolution of this matter and are incapable of being harmonized. It cannot be said that substantial evidence supports the administrative law judge's findings. <u>Richardson v. Perales</u>, 402 U.S. 389 (1971); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner must fully and fairly consider Plaintiff's claim and render a reviewable decision.

<u>Bourassa v. Commissioner Social Security Administration</u>, 2:06-cv-01863-DCN, Report and Recommendation filed September 10, 2007 (Docket #18).

The Commissioner was directed on remand to properly consider whether the plaintiff's impairments prevent her from performing her past relevant work and to continue the sequential evaluation process so that the Plaintiff's claim is given full and fair consideration.

On remand the administrative law judge focused on the plaintiff's prior work as a quality control technician as she actually performed the job.

The best description of the plaintiff's work as a quality control technician was presented at the administrative hearing as follows:

7

> I inspected parts off of machines....
>
> * * * * *
>
> Like shoes for - brake shoes for a train ...
>
> * * * * *
>
> And you just take a few of them. You'd take it back in the office and you put it on your measuring blade and you measure each dimension to make sure everything is correct.
>
> * * * * *
>
> And you put it all down on paper; what your findings are. And then you take those parts back out an put them back on their table and then you go to the next one.

Tr. 318-319.

The plaintiff described this job as requiring her to lift frequently 10 pounds and a maximum of 10 pounds. (Tr. 64 & 67).

On this second attempt to fully evaluate the plaintiff's claim, the administrative law judge explained,

> The vocational expert testified at a supplemental hearing that the claimant past work as a photo lab technician/cashier (DOT, section 714-381.018) required light exertion and was semi-skilled. Additionally, her work as a quality control technician (DOT, section 609-131.010)[1] required light exertion and was semi-skilled. As the claimant described her work as a photo lab technician/cashier, it required constant standing

---

[1] Section 609-131.010 of the DOT provides:

TITLE(s): INSPECTION SUPERVISOR (machine shop) alternate titles: inspector, chief; quality-control supervisor Supervises and coordinates activities of workers engaged in inspecting materials, tools, workpieces, and products, such as metal stock, cutting tools, gauges, machine parts, and assembled units for conformance to specifications, products, inspection instruments, and procedures. May compute relative production and repair costs to determine salvageability of rejected products. Performs other duties as described under SUPERVISOR (any industry) Master Title. GOE: 06.01.01 STRENGTH: L GED: R4 M4 L4 SVP: 8 DLU: 77

> and walking. Therefore, in view of restrictions
> to standing and/or walking no more than six hours
> in an eight hour workday, she is not expect to
> return to her past work as a photo lab
> technician/cashier, as she actually performed it.
>
> Testimony from the vocational expert shows
> that the claimant's past work as a photo lab
> technician/cashier is consistent with the job
> described in the Dictionary of Occupational Titles
> at section 714.381-018. As generally performed in
> the economy, her work as a photo lab
> technician/cashier, is light and semi-skilled.
> Additionally the vocational expert reported that
> that work as generally performed in the economy
> does not require standing and/or walking longer
> than six hours in an eight-hour day and is
> consistent with the residual functional capacity
> as set forth above. <u>Further, the vocational expert
> testified that, based on the residual functional
> capacity described to him by me at the
> supplemental hearing and as set forth above, the
> claimant is capable of returning to her past work
> as a quality control technician as she actually
> performed that job and described it in her
> testimony at the supplemental hearing.</u>
>
> In comparing the residual functional capacity the
> claimant had as of the date last insured with the
> physical and mental demands of her past jobs as
> photo lab technician/cashier and as quality
> control technician, I find that the claimant was
> able to perform her past work as quality control
> technician as she actually performed the job.

Tr. 233-234 (emphasis added).

The plaintiff complains that the administrative law judge's opinion "simply attempts to maneuver the facts related to Claimant's previous employment and residual functional capacity to satisfy a superficial criteria of the Administrative Law Judge's own apparent creation." (Plaintiff's Brief (Docket # 10) Pg. 8). Unfortunately for the plaintiff, that is permissible since the administrative law judge is the fact finder and his conclusion must be affirmed if supported by more than a scintilla

9

of evidence and complies with the law and regulations.

The administrative law judge has met that low standard on this second attempt and must be affirmed.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the decision of the Commissioner denying the plaintiff's claim for disability benefits be affirmed and this action dismissed.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October 23, 2009