IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ramona L. Bourassa, ) | |
| ) | C/A No. 2:08-CV-3742-DCN-RSC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Magistrate Judge Robert S. Carr's report and recommendation that this court affirm the Commissioner's decision denying plaintiff's application for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) (the "Act"). The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court adopts and affirms the magistrate judge's report and recommendation.

## I. PROCEDURAL HISTORY

Plaintiff Ramona L. Bourassa filed for DIB on December 10, 2003, alleging disability beginning on November 1, 2002. Plaintiff alleged she became disabled due to spinal stenosis, chronic pain in her neck, back, and hands, carpel tunnel syndrome,

1

hypertension, asthma, difficulty sleeping and concentrating, and anxiety.[1] The Commissioner denied her application initially and upon reconsideration. A hearing was held before Administrative Law Judge ("ALJ") William F. Pope on July 21, 2005. The ALJ concluded that plaintiff did not qualify for DIB. Plaintiff's request for review was denied by the Appeals Council on May 8, 2006. Plaintiff then sought judicial review of the Commissioner's final determination in her case.

The magistrate judge recommended reversing the decision of the ALJ pursuant to sentence four of Title 42, United States Code, Sections 405(g) and 1383(c)(3), and remanding the case to the Commissioner. The magistrate judge concluded that the issue of whether plaintiff's impairments prevented her from performing her past relevant work and the continuation of the sequential evaluation had not been properly resolved. The ALJ's findings were not clearly explained and both the magistrate judge and the court determined they were inconsistent. Accordingly, the court remanded plaintiff's claim for benefits to the Commissioner pursuant to sentence four of Title 28, United States Code, Section 405(g) for further proceedings consistent with the court's order.

On remand, the ALJ permitted plaintiff to submit additional evidence and held a supplemental hearing. In accordance with the court's order, the ALJ reconsidered whether the plaintiff's impairments prevented her from performing her past relevant work and continued the sequential evaluation process. On remand, with the testimony of a vocational expert, the ALJ determined that plaintiff in fact could perform her past

---

[1]The facts related to plaintiff's alleged disabilities are substantially outlined in the court's earlier order, as well as in the decisions of the ALJ.

relevant work as a photo technician/cashier as it is generally performed in the economy and could perform her past relevant work as a technician as she actually performed the job. Tr. 234. Thus, the ALJ again concluded that plaintiff was not disabled under a disability as defined in the Social Security Act. The ALJ's decision became the final decision of the Commissioner when it was approved by the Appeals Council on October 9, 2008.

Plaintiff again sought judicial review of the Commissioner's decision. The magistrate judge issued a report concluding that the ALJ's decision was supported by substantial evidence. Therefore, the magistrate judge recommended that the Commissioner's decision denying plaintiff's claim for disability be affirmed and the action dismissed.

## II. SCOPE OF REVIEW

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's Report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). This court is not required to review, under a <u>de novo</u> standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. <u>See</u> <u>id.</u> at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. <u>Howard v. Secretary of Health & Human Servs.</u>, 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the Report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

Although this court may review the magistrate judge's recommendation de novo, judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

### III. DISCUSSION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations establish a sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine, in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether that severe impairment meets or equals an illness contained in 20 C.F.R. Part 4, Subpart P, Appendix 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the impairment prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as Residual Functional Capacity or "RFC") and his vocational capabilities (age, education, and past work experience) to adjust to a new job. Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 20 C.F.R. § 416.920). The applicant bears the burden of production and proof during the first four steps of the inquiry. Pass, 65 F.3d at 1203 (citing Hunder v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). If the sequential evaluation process proceeds to the fifth step, the burden shifts to the Commissioner to show that other work is available in the national economy that the claimant could perform. Id.; see also Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (discussing burden of proof).

On remand, the ALJ was instructed to reconsider plaintiff's claim at steps four

and five. "The issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in [the claimant's] favor." 20 C.F.R. § 404.946.

The first time this court reviewed plaintiff's claim, it remanded to the Commissioner to consider properly whether plaintiff could perform her past relevant work and so that the sequential evaluation process could be completed. There had been no entirely favorable determination in plaintiff's favor the first time because the ALJ determined that she was not disabled under step five of the sequential evaluation. The ALJ then provided plaintiff with an opportunity to submit additional evidence and conducted a supplemental hearing. Moreover, at the hearing, the ALJ took testimony from a vocational expert for the second time regarding plaintiff's limitations.

However, based on the testimony of the vocational expert and the record before him, the ALJ concluded that plaintiff could perform her past relevant work as a photo lab technician/cashier as it is generally performed in the economy. Plaintiff could also perform her past relevant work as a quality control technician as she actually performed that job. Based on this conclusion, the ALJ determined that plaintiff was not under a disability at any time from the alleged onset date through December 31, 2004. Substantial evidence in the record supports the ALJ's determination.

Plaintiff contends that the ALJ did not follow the instructions on remand provided by this court. The court concludes that the ALJ properly addressed the specific issues on

remand and resolved the inconsistencies in his earlier opinion.[2] While the court may have addressed plaintiff's claim differently, that is not the legal standard this court is required to apply.

Accordingly, because the ALJ's decision is supported by substantial evidence and he correctly applied the law, the court adopts and affirms the recommendation of the magistrate judge that the Commissioner's decision be affirmed.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the magistrate judge's report and recommendation be **ADOPTED** and that the Commissioner's decision denying plaintiff disability benefits be **AFFIRMED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 9, 2010**
**Charleston, South Carolina**

---

[2]The court recognizes that at the hearing a question was raised regarding the fact that <u>both</u> the district court and the magistrate judge determined the ALJ's first written opinion was facially inconsistent.

7